248 November 26, 2025 No. 1019

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GERALD WESLEY MILLER,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
23CV09096; A186048

Eva J. Temple, Judge.

Submitted October 10, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). Petitioner separately filed a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In 1993, petitioner was convicted of two counts of murder and sentenced to two consecutive life sentences. His conviction was affirmed on appeal, and his first timely petition for post-conviction relief was denied. In March 2023, petitioner filed a *pro se* petition for postconviction relief, contending that he was convicted by a nonunanimous jury and was entitled to relief under *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), and claiming ineffective assistance of counsel. Post-conviction counsel was appointed. In October 2024, counsel moved to dismiss the petition without prejudice "on the grounds that the moving party no longer wants the relief requested in the petition." The court dismissed the petition without prejudice. In Section B of petitioner's brief, he maintains that he is entitled to relief on the grounds set forth in his *pro se* brief, and that he did not consent to the dismissal of his petition.

Having reviewed the record before the trial court at the time it granted the motion to dismiss the petition, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues for our review. In particular, we note that to the extent that petitioner asserts in the Section B brief that he did not consent to the dismissal filed by his lawyer, that assertion does not present an arguably meritorious issue as it was not before the post-conviction court at the time it granted the dismissal. As noted, however, the post-conviction court's dismissal was without prejudice and, consequently, is not, in and of itself, a bar to petitioner's refiling.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.